UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-126-HRW

RAYMOND G. NEWSOME,                                               PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for a period of disability, disability insurance benefits, and supplemental security income benefits on September 23, 2002 alleging disability beginning on September 20, 2002, due to a combination of impairments including osteoarthritis, a decreased cognitive functioning ability and

Scheuermann's disease.  This application was denied initially and on reconsideration.  On September 2, 2003, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 29-59).  At the hearing, Ted Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 60-63).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 26, 2003, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-19). Plaintiff was 39 years old at the time of the hearing decision (Tr. 13). He has a limited eighth grade education (Tr. 13). His past relevant work experience consists of work as a plant worker (Tr. 15).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14). The ALJ then determined, at Step 2, that Plaintiff suffered from osteoarthritis, decreased cognitive functioning ability and Scheuermann's disease, which he found to be "severe" in combination within the meaning of the Regulations (Tr. 14). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14). In doing so, the ALJ specifically considered listings 1.00 and 12.00 (Tr. 14). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 15) but determined that he has the following residual functional capacity ("RFC"):

> [T]o perform simple, routine, repetitive light duty work, which would contemplate standing/walking at least two hours in an eight hour day, sitting six hours; occasionally climbing ramps or stairs with no climbing of ladders, ropes or scaffolds with occasional stooping, kneeling, crouching or crawling and no requirement for repetitive reaching overhead with the upper right extremity. The claimant is also borderline functioning and he is moderately limited in his ability to understand, retain and carry out detailed instructions; however, the claimant has the mental capacity to perform simple, repetitive work

tasks in a simple routine work setting.

(Tr. 17).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a wide range of light and sedentary work, such as price marker, grader and sorter (Tr. 17).  The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 17).  Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 22, 2004 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

**A.    Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the hypothetical question posed to the VE did not accureately portray the Plaintiff's mental and physical impairments and (2) the ALJ erred in evaluating his credibility .

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the hypothetical question posed to the VE did not accureately portray the Plaintiff's mental and physical impairments. The Defendant argues that the hypothetical question posed complied with this

circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

At the hearing, the ALJ asked the VE to consider an individual of Plaintiff's age, education, and prior work experience with the RFC set forth above (Tr. 60-61). Plaintiff maintains that the hypothetical was inaccurate as it failed to include a moderate limiation in maintaining concentration, persistence and pace. Plaintiff argues that such limitatuon was found by both consultative examiners, Jay Athy, Ph.D. and Jane F. Brake, Ph. D (Tr. 221 and 246) and should have been included in the hypothetical.

Although both Dr. Athy and Dr. Brake found Plaintiff to have a moderate degree of limiation in maintaining concentration, persustence or pace, Dr. Athy explicitly stated that Plaintiff "retains the mental capacity to perform simple, repetitve tasks in a simple, routine setting" (Tr. 208). Dr. Athy further opined that despite some moderate limiation in his ability to understand, remember and carry out detailed instructions, Plaintiff had no other limitations in his mental RFC (Tr. 206-207). The ALJ incorporated Dr. Athy's findings into the RFC.

With regard to Dr. Brake, she specifcally affirmed Dr. Athy's assessment (Tr. 233) and added only a moderate limitation on Plaintiff's ability to complete a normal workday/workweek without interruptions and to perform at a consistent pace without an unreasonable number and length of rest periods (Tr. 232). This is not incomsistent with the ALJ's RFC.

The Court finds that the hypothetical posed accurately portrays the RFC as formulated based upon the objective medical evidence. Therefore, the VE's response consitutes substantial evidence supporting the Commissioner's decision. *See, Blacha v. Secretary of Health and Human Srvices*, 927 F.2d 228, 231 (6th Cir. 1990).

Plaintiff further challenges the ALJ's discrediting of his testimony. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "poor" with regard to his allegations of disabling pain. (Tr. 43). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The ALJ determined

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously

herewith.

This April 21, 2005.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge